# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:11cr254 |
| | ) | **Electronic Filing** |
| BALAZS TARNAI | ) | |

### ORDER OF COURT

AND NOW, this 4th day of January, 2013, upon consideration of defendant's "Motion for Revocation of the Order of Detention" and the parties' submissions in conjunction therewith, and after this member of the Court's comprehensive review of the record from the detention hearing before Magistrate Judge Maureen Kelly on November 7, 2011, the Court finds:

1. There is probable cause to believe that Defendant has violated 18 U.S.C. §§ 2252(a)(2), 2252(a)(4)(B), and 2251(a) by receiving material depicting the sexual exploitation of a minor, possessing material depicting the sexual exploitation of a minor and producing material depicting the sexual exploitation of a minor. A superseding indictment has been returned against defendant and the evidence generated during the investigation is straightforward and persuasively forceful;

2. Each of the seven counts contained in the superseding indictment is a crime of violence within the meaning of the Bail Reform Act of 1984. See 18 U.S.C. § 3156(a)(4)(C); accord United States v. MacEwan, 445 F.3d 237, 249-50 (3d Cir. 2006) (acknowledging the importance and force of the pertinent congressional findings on the dangers and harms such conduct poses to those who are exploited in conjunction with such offenses);

3. When stripped of zealous argument and unsupported inference, defendant essentially has presented no credible evidence that would warrant a finding that he has met the burden necessary to rebut the statutory presumption of detention;

4. Similarly, defendant's asserted commitment to the local community fails to undermine the underlying facts regarding his actual foreign family ties, history of travel and lack of any ongoing and/or enduring connections to the local community, all of which firmly support the magistrate judge's assessments that defendant's history and characteristics do not weigh in

favor of release and support a finding that defendant's release presents a risk of flight.

5. All of the factors set forth at 18 U.S.C. § 3142(g) weigh in favor of detention; and

6. The Government has established by clear and convincing evidence that there are no conditions of release that will adequately assure both the safety of the community and defendant's appearance at trial.

Accordingly,

IT IS ORDERED that [52] Defendant's motion is granted in part and denied in part. Defendant's request that this Court review the Detention Order entered by the Magistrate Judge *de novo* is **GRANTED**. Upon review of the record, defendant's requests for revocation of the order of detention and release from custody are **DENIED**. Defendant shall be detained pending trial in accordance with the detention order entered by Magistrate Judge Maureen Kelly on November 7, 2011.

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Jessica Lieber Smolar, AUSA
Alexander H. Lindsay, Jr., Esquire